IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 10 PM 3: 39

ROBERT R. ___ TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| TOMMIE HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 04-2537 Ml/An |
| CITY OF MEMPHIS, TENNESSEE, | ) |
| L. McNair, Individually and in | ) |
| his Official Capacity, | ) |
| C. Teeters, Individually and in | ) |
| his Official Capacity, | ) |
| B. Holland, Individually and in | ) |
| his Official Capacity, and | ) |
| F. Boyce, Individually, and in | ) |
| his Official Capacity, | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS OF
DEFENDANT CITY OF MEMPHIS, and
ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS OF
DEFENDANTS McNAIR, TEETERS, HOLLAND AND BOYCE

Before the Court is the Motion to Dismiss Plaintiff's First
Amended Complaint of Defendant City of Memphis, filed November 19,
2004.  Also before the Court is the Motion to Dismiss Plaintiff's
First Amended Complaint of Defendant Officers McNair, Teeters,
Holland and Boyce ("Defendant Officers"), filed November 24, 2004.
Plaintiff responded in opposition to both of these motions on
December 28, 2004.[1]

_____

[1] Defendant City of Memphis originally filed a Motion to
Dismiss on August 24, 2004, to which Plaintiff responded in
opposition on September 20, 2004.  The Defendant Officers
originally filed a motion to dismiss on October 6, 2004,
(continued...)

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  5-16-05

36

## I. BACKGROUND

The instant case arises out of a high-speed automobile chase involving members of the Memphis Police Department that resulted in an accident between the party being pursued and the Plaintiff, Tommie Hampton.  Plaintiff asserts claims against Defendant City of Memphis and the Defendant Officers under 42 U.S.C. § 1983 as well as Tennessee law.

According to the allegations in Plaintiff's First Amended Complaint, at approximately 8:06 a.m. on the morning of July 16, 2003, Memphis Police Department Officers McNair and Teeters were stationed in unmarked police vehicles at or near the Wal-Mart store at 3950 Austin Peay in Memphis, Tennessee.  At that time, the officers observed a man running from the Wal-Mart store followed by an employee of the store, who was yelling for him to stop.  The man who was running then entered a Ford Explorer and exited the lot, heading southbound on Austin Peay.  At that time, "these officers began a high speed pursuit of the subject southbound on Austin Peay to southbound on Old Austin Peay, then westbound on Stage; then

_____

(...continued)
incorporating the arguments in Defendant City of Memphis's motion to dismiss, to which Plaintiff responded on November 5, 2004. Plaintiff filed his First Amended Complaint on November 5, 2004. In their motions to dismiss Plaintiff's First Amended Complaint, all Defendants incorporate their original motions to dismiss.  On March 9, 2005, the Court DENIED as moot Defendants' original motions to dismiss.  The Court in this order has considered the arguments raised in the parties' original submissions as well as their submissions relating to Plaintiff's First Amended Complaint.

southbound on Jackson, then westbound on I-240." (Pl.'s First Am. Compl. ¶ 11(b).)

During the chase, the officers radioed for assistance in pursuing the suspect.  Officers Holland and Boyce, each driving marked Memphis Police Department vehicles, joined the chase.  At some point, the suspect's vehicle entered the exit ramp of Interstate 240 approaching Warford St.  The suspect then made a u-turn to avoid the pursuit and proceeded eastbound on the westbound ramp, passing Defendant Officers Teeters and McNair and veering at Defendant Officers Holland and Boyce, causing them to steer out of his path to avoid a collision.

The suspect's vehicle continued going the wrong direction on the exit ramp as Defendant Officers Holland and Boyce began to turn around to continue the chase.  At some point, the suspect's vehicle struck Plaintiff's vehicle head-on as Plaintiff exited the interstate, causing Plaintiff to suffer serious personal injuries.

Plaintiff alleges in his First Amended Complaint that the high speed pursuit engaged in by Defendants was done without permission or authorization of supervising officers in the Memphis Police Department, without using emergency lights or sirens, without the pursuing officers having had probable cause to believe that the person being pursued had committed a violent felony, and with more than two vehicles being involved in the pursuit - all of which are allegedly contrary to the policies and procedures adopted by the Memphis Police Department for vehicular chases.

-3-

Defendants move to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it purportedly fails to state a claim upon which relief may be granted, and alternatively move the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## II. **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). When a party relies on matters outside of the pleadings, a motion to dismiss must be treated as one for summary judgment. See Fed. R. Civ. P. 12(b).

## III. **ANALYSIS**

Defendants move to dismiss the claims in Plaintiff's First Amended Complaint. The Court will address Plaintiffs' federal and state law claims in turn as to Defendant City of Memphis and the Defendant Officers.

-4-

## A. 42 U.S.C. § 1983

Plaintiff alleges in his First Amended Complaint that Defendants are liable to him under 42 U.S.C. § 1983 because they violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Section 1983 does not create substantive rights, but rather serves as a "method for vindicating federal rights elsewhere conferred."  Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979).  To establish a prima facie case under § 1983, a plaintiff must prove two elements: (1) that the government action occurred "under color of law" and (2) that the action is a deprivation of a constitutional right or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).  "The first step in any such claim is to identify the specific constitutional right allegedly infringed."  Albright v. Oliver, 510 U.S. 266, 271 (1994).

A municipality may be held liable under § 1983 if the municipality itself caused a constitutional deprivation.  Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978).  Before a local governmental unit can be held liable for injuries pursuant to § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity."  Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting Monell, 436 U.S. at 690).  A municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents, but rather only when the "execution of the

-5-

government's policy or custom ... inflicts the injury." <u>City of</u>
<u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  Further, the
governmental entity is liable under § 1983 only when the entity
itself is a "moving force" behind the deprivation of constitutional
rights.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

The "first inquiry in any case alleging municipal liability
under § 1983 is the question whether there is a direct causal link
between a municipal policy or custom and the alleged constitutional
deprivation."  <u>Monell</u>, 436 U.S. at 690.  Moreover, the policy or
custom must evidence deliberate indifference on the part of the
municipality.  <u>Monell</u>, 436 U.S. at 388 ("Only where a
municipality's failure to train its employees in a relevant respect
evidences a 'deliberate indifference' to the rights of its
inhabitants can such a shortcoming be properly thought of as a city
'policy or custom' that is actionable under § 1983.")

### 1. Fourth Amendment

Defendants contend that Plaintiff cannot maintain a § 1983
action with respect to rights asserted under the Fourth Amendment
in this case.  The Fourth Amendment is not implicated in police
pursuit claims.  <u>See</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833,
843-44 (1988)(finding a police pursuit does not amount to a
"seizure" under the Fourth Amendment); <u>See also</u> <u>California v.</u>
<u>Hodari D.</u>, 499 U.S. 621, 626 (1991).  Accordingly, Defendants'
motion to dismiss Plaintiff's § 1983 claim with respect to rights

asserted under the Fourth Amendment is GRANTED and Plaintiff's §
1983 claim as it relates to the Fourth Amendment is DISMISSED.

### 2. Fourteenth Amendment

Defendants next assert that Plaintiff's First Amended
Complaint fails to state a claim under § 1983 for deprivation of
his rights under the Fourteenth Amendment.  A claim may be properly
brought under the Fourteenth Amendment for an injury resulting from
a police pursuit to a person who was not the intended target of the
pursuit. See generally Lewis, 523 U.S. 833.  To prevail on such a
claim against the Defendant Officers, the plaintiff must prove that
the Defendant Officers' conduct "shocks the conscience."  Id. at
846-55.

A municipality may, in turn, be held liable under 42 U.S.C §
1983 if a constitutional violation by the individual officers
involved in the incident is established. See Parratt, 451 U.S. at
535; Block, 156 F.3d at 677.  Therefore, Plaintiff may assert a
claim against Defendant City of Memphis if it is established that
the Defendant Officers committed a constitutional violation.

Defendants contend that Plaintiff's § 1983 claim against the
Defendant Officers should be dismissed because their conduct was
not so severe as to "shock the conscience."  However, treating all
of Plaintiff's well-pleaded allegations as true and construing all
of the allegations in his favor, the Court finds that Plaintiff has
sufficiently alleged conduct by the Defendant Officers that "shocks

-7-

the conscience."[2]   Accordingly, the Defendant Officers' motion to
dismiss Plaintiff's § 1983 claim as it relates to rights under the
Fourteenth Amendment is DENIED.

Defendant City of Memphis contends that Plaintiff's § 1983
claim against it should be dismissed because Plaintiff's First
Amended Complaint fails to state a claim against the Defendant
Officers.   However, the Court has found that Plaintiff has
sufficiently alleged a § 1983 claim against the Defendant Officers.
Moreover, treating all of Plaintiff's well-pleaded allegations as
true and construing all of the allegations in his favor, Plaintiff
has sufficiently alleged a § 1983 claim against Defendant City of
Memphis.   Accordingly, the motion to dismiss of the City Memphis as
it relates to Plaintiff's § 1983 claim asserting rights under the
Fourteenth Amendment is DENIED.

**B. Tennessee State Law**

Plaintiff asserts claims of negligence under Tennessee Law
against all Defendants, and a claim of willful and/or malicious
conduct against the Defendant Officers.   Defendants move to dismiss
these claims or, in the alternative, move the Court to refuse to
exercise jurisdiction over the state law claims.

_____

[2] Defendants contend that Terrell v. Larson, 396 F.3d 975,
981 (8th Cir. 2005), supports the premise that whether a
municipal defendant's conduct "shocks the conscience" is a
question of law for the judge to decide.   Accepting that premise,
the Court determines that Plaintiff has sufficiently alleged
facts which, if established as true, "shock the conscience."

-8-

In his First Amended Complaint, Plaintiff alleges that
Defendant City of Memphis was negligent in failing to adequately
supervise or train its police officers to avoid the conduct that
caused Plaintiff's injuries.  Defendant City of Memphis contends
that the Tennessee Governmental Tort Liability Act ("TGTLA")
immunizes it from liability for "discretionary acts" relating to
the training and supervision of its police officers.[3]

The TGTLA generally waives governmental immunity from suit for
injuries proximately caused by a negligent act or omission of a
government employee within the scope of his or her employment.
Tenn. Code Ann. § 29-20-205.  However, the TGTLA provides for
governmental immunity for "discretionary functions," as follows:

> Immunity from suit of all governmental entities is
> removed for injury proximately caused by a negligent act
> or omission of any employee within the scope of his
> employment except if the injury arises out of:
> (1) the exercise or performance or the failure to
> exercise or perform a discretionary function, whether or
> not the discretion is abused ....

Tenn. Code Ann. § 29-20-205(1).  Defendant City of Memphis contends
that it is entitled to immunity under Tenn. Code Ann. § 29-20-
205(1) because the acts which provide the basis for its alleged
liability are discretionary functions.  In particular, Defendant
City of Memphis contends that its supervision and training of its
police officers involves a balancing of policy considerations and

---

[3] In their motions, the Defendant Officers rely upon the
memoranda submitted by the City of Memphis.  Accordingly, the
Court's analysis applies to all Defendants.

therefore constitutes a discretionary function.   See Bowers v. City
of Chattanooga, 826 S.W.2d 427 (Tenn. 1992).

In Bowers, the Tennessee Supreme Court adopted the planning-
operational test to provide guidance regarding the scope of the
discretionary function exception.   Bowers, 826 S.W.2d at 430-31.
"Under the planning-operational test, decisions that rise to the
level of planning or policy-making are considered discretionary
acts which do not give rise to tort liability, while decisions that
are merely operational are not considered discretionary acts and,
therefore, do not give rise to immunity."   Id. at 430.   The
Tennessee Supreme Court further explained that:

> [A] decision resulting from a determination based on
> preexisting laws, regulations, policies, or standards,
> usually indicates that its maker is performing an
> operational act. Similarly operational are those ad hoc
> decisions made by an individual or group not charged with
> the development of plans or policies. These operational
> acts, which often implement prior planning decisions, are
> not "discretionary functions" within the meaning of the
> Tennessee Governmental Tort Liability Act. In other
> words, "the discretionary function exception [will] not
> apply to a claim that government employees failed to
> comply with regulations or policies designed to guide
> their actions in a particular situation."

Bowers, 826 S.W.2d at 431 (citation omitted).

To the extent that Plaintiff alleges that Defendant City of
Memphis is liable for the formulation and institution of a police
pursuit policy, such an activity is considered policy-making and is
within the discretionary acts immunized by Tenn. Code Ann. § 29-20-
205(1).   However, Plaintiff contends that Defendant City of Memphis
is liable because the Defendant Officers' implementation or failure

-10-

to adhere to the policy was negligent and the failure of Defendant
City of Memphis to properly train, supervise, and enforce the
implementation of the policy was negligent. Such acts are merely
considerations made under an existing policy and do not implicate
planning or policymaking. Therefore, Plaintiff's claims against
Defendant City of Memphis do not concern discretionary functions
and Defendant City of Memphis is not entitled to immunity under
Tenn. Code Ann. § 29-20-205(1).[4]  Accordingly, Defendants' motions
to dismiss Plaintiff's claims pursuant to Tenn. Code Ann. § 29-20-
205(1) are DENIED.

### C. Jurisdiction Over Plaintiff's State Law Claims

Defendants move, in the alternative, that the Court decline to
exercise jurisdiction over Plaintiff's state law claims pursuant to
its discretion under 28 U.S.C. § 1367(c). The Court declines, at
this time, to exercise its discretion to remand Plaintiff's state
law claims.

---

[4] In its motion to dismiss Plaintiff's First Amended
Complaint, Defendant City of Memphis also contends that, under
Nevill v. City of Tullahoma, 756 S.W.2d 226 (Tenn. 1998) and Gill
v. City of Church Hill, 156 S.W.3d 846 (Tenn. Ct. App. 2004),
Plaintiff may not assert a claim against Defendants because the
fleeing suspect was the proximate cause of his injury. However,
Nevill was overruled in 1994 by the Tennessee Supreme Court,
Haynes v. Hamilton County, 883 S.W.2d 606, 610 (Tenn. 1994), and
Gill merely stands for the premise that a fleeing suspect may not
bring a claim under Tennessee law against a municipal defendant
for injuries he suffered due to the police's pursuit of him.

-11-

**III. CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are GRANTED in part and DENIED in part. Defendants' motions to dismiss are GRANTED with respect to Plaintiff's § 1983 claims pursuant to the Fourth Amendment, and DENIED with respect to all of Plaintiff's remaining claims.


SO ORDERED this ___10___ day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

-12-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02537 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Joseph M. Rogers
HALE FOGLEMAN & ROGERS
108 Dover Road
P.O. Box 1666
West Memphis, AR 72303

Henry L. Klein
CITY ATTORNEY'S OFFICE
125 N. Main Street
Room 336
Memphis, TN 38103

Bobby F. Martin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT