IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TOMMIE HAMPTON, )
)
    Plaintiff, )
)
v. ) NO.   04-2537 Ml/An
)
CITY OF MEMPHIS, TENNESSEE, )
et al., )
)
    Defendants. )

## ORDER GRANTING MOTION TO EXTEND CERTAIN SCHEDULING ORDER DEADLINES

Before the Court is Plaintiff's Motion to Extend Certain Scheduling Order Deadlines filed on May 26, 2005. For good cause shown, the motion is **GRANTED**. The Scheduling Order shall be modified to reflect the following deadlines:

| | |
|---|---|
| **Completing Written Discovery** | July 29, 2005 |
| **Depositions** | July 29, 2005 |
| **Expert Disclosures** | |
|     For the Plaintiff | June 29, 2005 |
|     For the Defendants | July 29, 2005 |
| **Dispositive Motions Deadline** | September 15, 2005 |

The other deadlines established in the Rule 16(b) Scheduling Order shall remain in effect.

Additionally, after reviewing Plaintiff's Motion, the Court is concerned that Plaintiff did not comply with Local Rule 7.2(a)(1)(B) regarding consultation of counsel. Local Rule 7.2(a)(1)(B) provides:

    <u>Consultation by Counsel.</u> All motions, including discovery motions, but not

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-28-05



including motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a certificate of counsel (with one copy) affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to file an accompanying certificate of consultation may be deemed good grounds for denying the motion.

The certificate must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing counsel or party refuses to cooperate in the conduct of a conference, counsel must file certificate to that effect, setting out counsel's efforts to comply with this rule.

It appears that Plaintiff's counsel only tried to contact Defendants' counsel on the date the instant Motion was filed. Local Rule 7.2(a)(1)(B) requires more effort by counsel. Plaintiff's counsel is warned that the failure to comply with Local Rules in the future could result in the automatic denial of any future motions.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: June 24, 2005

2

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:04-CV-02537 was distributed by fax, mail, or direct printing on June 28, 2005 to the parties listed.

---

Bobby F. Martin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Henry L. Klein
CITY ATTORNEY'S OFFICE
125 N. Main Street
Room 336
Memphis, TN 38103

Joseph M. Rogers
HALE FOGLEMAN & ROGERS
108 Dover Road
P.O. Box 1666
West Memphis, AR 72303

Honorable Jon McCalla
US DISTRICT COURT